IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:17-CV-00494

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | C O M P L A I N T |
| v. | ) ) | JURY TRIAL DEMAND |
| WHOLE FOODS MARKET GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Diane Butler ("Butler"). As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Whole Foods Market Group, Inc. ("Defendant") failed to provide Butler, a qualified individual with a disability, with a reasonable accommodation and discharged her in violation of the ADA.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and 2000e-6.

4.     At all relevant times, Defendant, a Delaware corporation, has continuously been doing business in the State of North Carolina and the City of Raleigh, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Butler filed a charge with the Commission alleging violations of the ADA by Defendant.

8.     On July 20, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant to provide

Defendant the opportunity to remedy the discriminatory practices described in the Letter of

Determination.

10.     On September 13, 2017, the Commission issued to Defendant a Notice of Failure

of Conciliation advising Defendant that the Commission was unable to secure from Defendant a

conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

12.     From around December 2015 until around January 2016, Defendant engaged in

unlawful employment practices at its facility in Raleigh, in violation of Section 102 of Title I of

the ADA, 42 U.S.C. § 12112 by failing to provide reasonable accommodation to Butler and

discharging her because of her disability.

13.     Butler began working for Defendant as a cashier in or around October 2005.  Her

job duties included assisting customers with the checkout process, performing all cash register

functions, bagging groceries, and working at the customer service desk on occasion.

14.     Butler is a qualified individual with a disability under Sections 3 and 101(8) of the

ADA, 42 U.S.C. §§ 12102 and 12111(8).  Butler has a physical impairment, polycystic kidney

disease, ("PKD"), a genetic disease causing uncontrolled growth of cysts in the kidney

eventually leading to kidney failure. PKD is a disease which substantially limits the operation of

the excretory/urinary system.

15.     Because of her impairment, on or about March 6, 2009, Butler had a kidney

transplant.  Since receiving a kidney transplant, Butler must take anti-rejection and immuno-

suppressant drugs daily and must see her doctor for regular monitoring.

16.     At all times relevant to the allegations in the Complaint, Defendant had in place an "Absenteeism and Tardiness" policy.

17.     At all times relevant to the allegations in the Complaint, three reported absences within a thirty (30) day period were deemed excessive under Defendant's policy.

18.     At all times relevant to the allegations in the Complaint, Defendant's corrective action procedure provided that a violation of Defendant's "Absenteeism and Tardiness" policy may warrant written corrective action, including written warnings and/or discharge. A written warning was followed by a final written warning if another violation occurred within twelve (12) months of the written warning. A final written warning remained in place for six (6) months, and then reverted to a written warning. Once an employee was issued a final written warning, the next related offense within six (6) months would result in discharge.

19.     From approximately December 12 through December 16, 2015, Butler was hospitalized because of her disability.

20.     Butler was scheduled to work on or about December 12, 2015. Before her shift began that day, Butler informed Defendant's Customer Service Team Leader that her doctor was immediately checking her into the hospital due to her disability. The Customer Service Team Leader approved Butler's absence.

21.     Butler was scheduled to work on or about December 14, 2015. Prior to her shift that day, Butler called Defendant's Store Associate Team Leader and informed the Store Associate Team Leader that she was still in the hospital because her doctor thought her kidney was shutting down.

22.     Butler was released from the hospital on or about December 16, 2015.

23. Butler was scheduled to work on or about December 17, 2015. Before her shift was to begin that day, Butler spoke with the Store Associate Team Leader to explain she would be unable to work because she had just been released from the hospital.

24. The Store Associate Team Leader told Butler it would be okay for her to miss work that day (December 17, 2015).

25. Defendant counted Butler's absence on or about December 17, 2015, as a violation of Defendant's "Absenteeism and Tardiness" policy.

26. Butler's absence from work on or about December 17, 2015 was due to her disability.

27. Butler returned to work on or about December 18, 2015. During her shift, Butler spoke with a Customer Service Associate Team Leader to inform her that Butler would be unable to work her scheduled hours on or about December 22, 2015 because Butler had a doctor's appointment to check that her kidney was functioning at a healthy level following Butler's hospitalization.

28. The Customer Service Associate Team Leader removed Butler from the schedule for on or about December 22, 2015 and Butler did not work on or about December 22, 2015.

29. Defendant counted Butler's absence on or about December 22, 2015 as a violation of Defendant's "Absenteeism and Tardiness" policy.

30. On or about December 24, 2015, Butler was working her scheduled shift when a Front-End Supervisor/Associate Team Leader offered Butler the option to leave early. Butler agreed and did so. Defendant counted the early departure as an absence under Defendant's "Absenteeism and Tardiness" policy.

31.     On or about January 4, 2016, Defendant terminated Butler's employment because she had three reported absences within a thirty (30) day period which was deemed excessive under Defendant's "Absenteeism and Tardiness" policy.

32.     At least two of the three absences for which Butler was terminated were due to her disability.

33.     Butler is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

34.     Defendant refused to provide Butler, a qualified individual with a disability, with reasonable accommodation of modification of Defendant's "Absenteeism and Tardiness" policy as it applied to Butler's disability-related absences, in violation of the ADA.

35.     Defendant's refusal to accommodate Butler culminated in the termination of Butler's employment with Defendant on or about January 4, 2016, in violation of the ADA.

36.     The effect of the practices complained of above has been to deprive Butler of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

37.     The unlawful employment practices complained of above were intentional.

38.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Butler.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring,

firing, failing to provide reasonable accommodation to qualified individuals with disabilities, failing to modify its absenteeism policy or policies to provide for accommodation for disability-related absences, and any other employment practice which discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Butler whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring and front pay.

D.      Order Defendant to make Butler whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E.      Order Defendant to make Butler whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

F.      Order Defendant to pay Butler punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney
IL Bar No. 6286627
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
zoe.mahood@eeoc.gov
Phone: (919) 856-4080
Fax: (919) 856-4156
N.C. Bar No. 21722

**ATTORNEYS FOR PLAINTIFF**