IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:17-CV-00494

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CONSENT DECREE |
| v. | ) ) | |
| WHOLE FOODS MARKET GROUP, INC., | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Whole Foods Market Group, Inc. (the "Defendant") discriminated against Diane Butler by failing to accommodate her and discharging her because of her disability, in violation of the ADA.

The Commission and the Defendant, Whole Foods Market Group, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. Defendant denies these allegations and neither this Decree not any obligations under this Decree shall be deemed or

construed an admission by Defendant of any liability or unlawful conduct. Likewise, the Commission does not disavow the allegations contained in its Complaint. The Commission's entry into this Consent Decree does not in any way imply or suggest that Defendant was in compliance with the law as alleged in this action.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to provide reasonable accommodations and discharging disabled employees because of their disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Diane Butler the total sum of Sixty-Five Thousand Dollars ($65,000.00) in settlement of the claims raised in this action. Such payment shall be made and documented as follows:

    A. A check in the amount of thirty-two thousand five hundred ($32,500.00), less applicable tax withholdings, payable to Diane Butler for claims related to lost wages (reported on an IRS Form W-2); and

B. A check in the amount of thirty-two thousand five hundred ($32,500.00) payable to Diane Butler for claims related to her compensatory damages (reported on an IRS Form 1099).

Defendant shall make payment by issuing two checks payable to Diane Butler. Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Diane Butler at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of the checks and proof of their delivery to Diane Butler. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Diane Butler may or may not incur on such payments under local, state and/or federal law.

4. Within twenty (20) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the personnel file of Diane Butler all documents related to Diane Butler's termination and all documents or references to EEOC Charge Numbers 433-2015-00827, 433-2015-01566, and 433-2016-01190 and Defendant's investigation and response to those EEOC charges, and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Butler from "terminated" to "voluntarily resigned," or such other term that Defendant normally uses to denote in its files that an employee separated voluntarily. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Diane Butler with a neutral letter of reference using the form attached hereto as Exhibit A. Within twenty (20) days of the entry of this Consent Decree

by the Court, the original, signed letter of reference shall be provided to Butler at an address provided by the Commission. Butler is free to disseminate the letter to potential employers. If Defendant receives any inquiry about Butler from a potential employer, it will provide only dates of employment and final position.

6. Within one hundred twenty (120) of the entry of this Consent Decree by the Court, Defendant shall draft a separate written Americans with Disabilities Act ("ADA") policy to be contained in its General Information Guide ("GIG"), which will include but not be limited to the following:

> A. an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition on disability discrimination;
>
> B. an explanation that pursuant to the ADA, Defendant grants reasonable accommodations for disabled applicants and employees;
>
> C. a procedure by which an employee can request reasonable accommodation;
>
> D. the process by which Defendant determines whether to grant a reasonable accommodation; and,
>
> E. a procedure by which the employee requesting reasonable accommodation will be notified of its approval or denial.

Defendant shall include the policy in its GIG update which will be communicated to all of its employees within the aforementioned 120-day time period. Within twenty (20) days of distributing the GIG update to its employees, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall make the ADA policy available to all new employees by providing it to them at the time of hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in its store located at 3540 Wade Ave., Raleigh, N.C. 27607 (the "Subject Facility") in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 120 days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers at the Subject Facility, including Store Team Leader, Associate Store Team Leaders, and all other Team Leaders and Associate Team Leaders. The annual training program shall also be provided to the following South Region Team Member Services employees: Team Members Services Executive Coordinator, Coordinator of Team Member Services, and Team Member Services Generalists. Each training program shall include an explanation of the requirements of the ADA, its prohibition against disability discrimination and retaliation in the workplace, including specifically the ADA's reasonable accommodation provisions and the types of accommodation available under the ADA. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred twenty (120) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of

submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at the Subject Facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. The identity of each employee at the Subject Facility who requested leave as an accommodation for a disability or impairment, including by way of identification each person's name, address, telephone number, and position sought or held;
>
> B. The identity of each employee at the Subject Facility who requested exemption from application of Defendant's Absenteeism and Tardiness Policy as an accommodation for a disability or impairment, including by way of identification of each person's name, address, telephone number, and position sought or held;
>
> C. For each individual identified in response to 10.A. and 10.B. above, the date of the accommodation request, the accommodation that was requested, whether the request was granted, and what, if any accommodation was provided to the individual;
>
> D. For each individual identified in response to 10.A. and 10.B. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request;

E. For each individual identified in response to 10.A. and 10.B. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, demotion, promotion, or to part-time from full-time, or change in hours worked or schedule provided), and;

F. For each individual whose employment status has changed as identified in response to 10.E. above, provide a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.A. and 10.B. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of a review for compliance with the policy posting and notice posting provisions in paragraphs 7 and 9, the Commission may inspect the Subject Facility without notice. In reviewing compliance with any other provision of this Decree, the Commission may interview employees, and examine and copy documents at the Subject Facility with twenty-four (24) hours notice.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Emily Nelson, Senior Counsel, Labor & Employment at Emily.Nelson@wholefoods.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

| | |
|---|---|
| November 6, 2018 | /s/ Louis W. Flanagan |
| Date | Judge, U.S. District Court<br>Eastern District of North Carolina |

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **WHOLE FOODS MARKET GROUP, INC., Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
E-mail: lynette.barnes@eeoc.gov

YLDA MARISOL KOPKA
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoe G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
434 Fayetteville Street, Suite 700
Raleigh, N.C. 28701
Telephone: (919) 856-4080
Fax: (919) 856-4156
Email: Zoe.Mahood@eeoc.gov
N.C. State Bar No. 21722

**ATTORNEYS FOR PLAINTIFF**

**WHOLE FOODS MARKET GROUP, INC.,**
**Defendant**

/s/ J. Allen Thomas
J. ALLEN THOMAS
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4608 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 789-3177
Fax: (919)-783-9412
Email: allen.thomas@ogletree.com
N.C. Bar No. 40119

**ATTORNEY FOR DEFENDANT**

# EXHIBIT A

[Defendant's letterhead]

[Date]

To Whom It May Concern:

Please consider this correspondence as a letter of reference on behalf of our former employee, Diane Butler.

Ms. Butler was employed by Whole Foods Market Group, Inc. from October 2005 until January 2016. During her tenure with us, Ms. Butler was a full-time cashier. At the end of her employment with us, her hourly rate was $14.45 per hour.

We hope that this information about Ms. Butler is helpful to you in considering her for employment.

Sincerely,


Kenisha Adams
Team Member Services Coordinator

**EXHIBIT B**



# EMPLOYEE NOTICE

1.  This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission and Whole Foods Market Group, Inc. resolving a case brought under Title I of the Americans with Disabilities Act of 1990 ("ADA").

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Whole Foods Market Group, Inc. will comply with such federal law in all respects. Furthermore, Whole Foods Market Group, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, N.E.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2020.